IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY GARVIN,                    :        Civil No. 3:25-cv-199
                                   :
            Petitioner             :        (Judge Mariani)
                                   :
    v.                             :
                                   :
WARDEN JESSICA SAGE,               :
                                   :
            Respondent             :

## MEMORANDUM

Petitioner Anthony Garvin ("Garvin") initiated the above-captioned action by filing a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On April 9, 2025,

the Court dismissed Garvin's habeas petition. (Docs. 16, 17). Garvin thereafter filed a

notice of appeal to the Third Circuit Court of Appeals dated June 21, 2025 (Doc. 18),

approximately 12 days beyond the 60-day time limit within which to file an appeal pursuant

to Federal Rule of Appellate Procedure 4(a)(1)(B).

On September 25, 2025, the Third Circuit remanded this action for the limited

purpose of the District Court's consideration of whether Garvin is entitled to relief under

Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). (Doc. 23, *Garvin v. Warden*

*Lewisburg USP*, Appeal No. 25-2270 (3d Cir.)). As set forth herein, the Court will address

the issue set forth by the Third Circuit on remand.[1]

---

[1]    As a preliminary matter, Rule 4(a)(5) and 4(a)(6) both require a petitioner to file a motion in
order to obtain relief under either subsection, and a *pro se* notice of appeal may not be construed as a

## I.    Discussion

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional."

*Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal citation and quotation marks omitted).

Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, "[t]he notice of

appeal may be filed by any party within 60 days after entry of the judgment or order

appealed." FED. R. APP. P. 4(a)(1)(B). Thus, Garvin was required to file a notice of appeal

60 days after this Court dismissed his habeas petition, i.e., by June 9, 2025. FED. R. APP. P.

4(a)(1)(B). Garvin filed his notice of appeal on or about June 21, 2025[2], approximately 12

days after the last day on which he could have filed a timely appeal.

This Court may extend the time to appeal if Garvin can show "excusable neglect or

good cause" for failing to file a timely appeal. FED. R. APP. P. 4(a)(5)(A)(ii). However, the

---

motion for an extension of time under Rule 4(a)(5) or as a motion to reopen under Rule 4(a)(6). *See Poole v. Fam. Ct. of New Castle Cnty.*, 368 F.3d 263, 267-269 (3d Cir. 2004).

Upon review of the docket, Garvin never filed a formal motion for an extension of time to file an appeal or to reopen the time to file an appeal. However, as the Third Circuit noted, "included in [Garvin's] notice of appeal is a 'cover letter' that, liberally construed, requests relief under Rules 4(a)(5) and 4(a)(6)." (Doc. 23, citing Dist. Ct. Dkt. No. 18, at 6). The Third Circuit thus remanded this matter for this Court's consideration of whether Garvin is entitled to relief under Rule 4(a)(5) or 4(a)(6), while expressing "no opinion on whether relief under Rule 4(a)(5) or Rule 4(a)(6) is warranted." (Doc. 23, at 2). In light of the Third Circuit's direction that this Court should, essentially, address the merits of an application of the criteria set forth in Rule 4(a)(5) and Rule 4(a)(6) on remand, this Court will assume for purposes of its decision that, liberally construing Garvin's cover letter, that Garvin has met the initial requirement of filing a motion for relief under Rule 4(a)(5) and/or Rule 4(a)(6).

[2]    Garvin's notice of appeal is dated June 21, 2025, and was received and docketed by this Court on July 8, 2025. (Doc. 18, at 6). As the Third Circuit observed, "[i]t appears that [Garvin's] notice of appeal was filed sometime between June 21, 2025, and July 8, 2025." (Doc. 23, at 2). Under the prisoner mailbox rule, the Court deems the appeal filed on June 21, 2025, the date Garvin signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

Court may only do so if the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." FED. R. APP. P. 4(a)(5)(A)(i). Here, Garvin filed his motion within the additional 30-day period. (Doc. 18). Therefore, Garvin has satisfied the first requirement of Rule 4(a)(5), and the Court must determine whether Garvin has shown "excusable neglect of good cause."[3] Upon review, the Court finds that Garvin has demonstrated good cause for seeking an extension of time to file a notice of appeal. Granting an extension of time to appeal, which amounts to an extension of approximately 12 days, is relatively brief, presents no delay to any judicial proceedings, and cannot be said to prejudice the opposing party in any way. Additionally, Garvin states that his present notice of appeal is the second such appeal that he sent to the Court. (Doc. 18, at 6). He maintains that he sent his first appeal "around May 30, 2025" but his mail was "being deliberately with held (sic) and censored while in administrative segregation." (*Id.*). Garvin further claims that he "never received the court's final order that the court clerk told my family it was decided on April 19, 2025." (*Id.*). This purported lost mail is arguably something outside the control of Garvin, and no fault can be attributed to him. *See, e.g.*, FED. R. APP. P. 4(a)(5), advisory

---

[3] The good cause and excusable neglect standards "are not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4(a)(5), advisory committee's note to 2002 amendment. "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* In turn, [t]he good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id. See also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. 2012). Thus, "the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline." FED. R. APP. P. 4(a)(5), advisory committee's note to 2002 amendment.

3

committee's note to 2002 amendment ("If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all."). Thus, assuming that Garvin never received the Court's April 9, 2025 Memorandum and Order, and that he attempted to mail his first notice of appeal on May 30, 2025, and his mail was confiscated, he has demonstrated good cause for requesting a brief extension of time to file a notice of appeal. The Court will grant Garvin relief under Rule 4(a)(5) and extend the time for the filing of his notice of appeal.

Additionally, under Federal Rule of Appellate Procedure 4(a)(6), a district court may reopen the time to file an appeal. Under that provision, the Court may reopen the time to appeal for 14 days if: (1) the party seeking to reopen the time to appeal did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered" or within 14 days after the movant receives notice, whichever is earlier; and (3) "the court finds that no party would be prejudiced." FED. R. APP. P. 4(a)(6)(A)-(C).

Garvin meets one of the three requirements of Rule 4(a)(6)—subsection (C)—for substantially the same reasons as those set forth by the Court in determining that he is entitled to relief under Rule 4(a)(5). With respect to this third requirement, as previously explained, the parties are not prejudiced by the Court's reopening of the time to file an appeal. *See* FED. R. APP. P. 4(a)(6)(C). However, it is less clear whether Garvin has met

4

the first and second requirements set forth in Rule 4(a)(6).  As to the first requirement,

Garvin does not certify in his motion that he did not receive notice of the Court's dismissal

within 21 days after its entry.  FED. R. APP. P. (a)(6)(A).  He instead states that he "never

received the court's final order" but the "court clerk told [his] family it was decided on April

19, 2025."[4]  (Doc. 18, at 6).  Even assuming that Garvin did not receive notice of the Court's

April 9, 2025 Order until April 19, 2025, he had to file the motion to reopen the appeal period

within 21 days—May 12, 2025.  FED. R. APP. P. (a)(6)(A).  Garvin's cover letter/motion is

dated June 21, 2025, which is approximately 40 days after the 21-day period prescribed by

subsection (A).  As to the second requirement, Garvin must have filed his motion to reopen

the time to file an appeal within 14 days after receiving notice of the sought-to-be appealed

order.  FED. R. APP. P. (a)(6)(B).  If the Court deems Garvin's statement in his cover letter

that he received notice on April 19, 2025 to be sufficient, then his motion had to by filed by

May 5, 2025, and he missed the 14-day jurisdictional requirement set forth in Rule

4(a)(6)(B).  Thus, it appears that Garvin has not met the requirements of Rule 4(a)(6).

Nevertheless, because this Court will grant Garvin relief under Rule 4(a)(5), it need

not resolve the issue of whether he has met the requirements of Rule 4(a)(6)(A) and Rule

4(a)(6)(B).

---

[4]    As set forth above, the habeas petition was dismissed on April 9, 2025.  (Docs. 16, 17).

## II.     Conclusion

For the foregoing reasons, the Court will grant Garvin an extension of time for the

filing of an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).  A separate

Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 29, 2025